ORIGINAL

# In the United States Court of Federal Claims

No. 18-609C

(Filed: July 12, 2018)

## (NOT TO BE PUBLISHED)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**KAREN KHAN,**                )
                              )
            **Plaintiff,**       )
                              )
    **v.**                        )
                              )
**UNITED STATES,**              )
                              )
            **Defendant.**       )
                              )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*      )

**FILED**

**JUL 1 2 2018**

U.S. COURT OF
FEDERAL CLAIMS

Karen Khan, *pro se*, Poughkeepsie, New York.

Alison S. Vicks, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Chad A. Readler, Acting Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Pending before the court is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Plaintiff, Karen Khan, alleges that federal governmental agencies, including the Federal Bureau of Investigation and the Department of Justice, unlawfully interfered in her personal and professional life. Compl. ¶¶ 9, 13-14, 16, 18, 27, 30, 34-35.[1] Ms. Khan contends that this interference occurred via a number of means, including telephone calls, internet communications, and personal conversations. Compl. ¶¶ 15, 19-21, 31-33, 42-46, 51-53, 69-73, 76-90, 93-96, 107. She claims that the federal governmental agencies' actions have "denied . . . the rights of women[,] including [herself], to

---

[1]Citations to particular portions of the plaintiff's complaint refer to the pages in the order in which they actually appear, not as they are numbered.

the equal protection of the laws." Compl. ¶ 28; *see also* Compl. ¶¶ 1, 28-29. The basis for Ms. Khan's allegations additionally relate to her professional interactions in and with several federal courts and courts of the State of New York. Compl. ¶¶ 1-8, 11, 30-41.[2]  Ms. Khan asserts defendant's actions violate 42 U.S.C. §§ 1985, 1986 and the Fifth and Fourteenth Amendments to the United States Constitution. Compl. at 44 (heading), 52 (heading), 57 (heading), ¶ 113. She seeks $30,000,000 in damages and "all other relief to which [she] is entitled." Compl. ¶¶ 114-15.  For the reasons set out below, the court grants the government's motion to dismiss for lack of jurisdiction and for failure to state a claim.

## STANDARDS FOR DECISION

The Tucker Act provides this court with jurisdiction to entertain "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not grant a plaintiff substantive rights. *In re United States*, 463 F.3d 1328, 1333 (Fed. Cir. 2006).  Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" to establish jurisdiction. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)).  "Where the court has not been granted jurisdiction to hear a claim, the case must be dismissed." *Treviño v. United States*, 113 Fed. Cl. 204, 207 (2013) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Under Rule 12(b)(6), a complaint that "fail[s] to state a claim upon which relief can be granted" shall be dismissed. To survive a motion invoking Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is bound "to take the well-pleaded factual allegations in the complaint as true." *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *see also Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal citations omitted); *see also Williams v. United States*, 100 Fed. Cl. 263, 275 (2011).

## ANALYSIS

Where a plaintiff "has alleged—but . . . has not show[n]—that [she] is entitled to relief," relief cannot be granted. *Ashcroft*, 556 U.S. at 678 (internal citations omitted). Ms. Khan sets out her allegations in considerable detail, but these allegations do not link explicitly to claims for

---

[2]Ms. Kahn represents that she is a lawyer admitted to the bar in the State of New York and the United States District Court for the Southern District of New York. Compl. at 12, 60; *see also* Compl. ¶¶ 15, 16, 96.

relief under any money mandating source of law. *See generally* Compl.; Pl.'s Am. Resp. to the Def.'s Mot. to Dismiss ("Pl.'s Am. Resp."), ECF No. 17. Her assertions do not establish "all the material elements necessary to sustain recovery under some viable legal theory," *Twombly*, 550 U.S. at 562 (quoting *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7ᵗʰ Cir. 1984) (emphasis omitted)), and they therefore fail to state a claim.

Ms. Khan concedes that her claims under the Civil Rights Acts, specifically, 42 U.S.C. §§ 1985, 1986, are properly within the jurisdiction of federal district courts and not that of this court. Pl.'s Am. Resp. at 27. She also initially conceded that her claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-68, were within the jurisdiction of federal district courts, *see* Pl.'s Resp. to Def.'s Mot. to Dismiss, at 27, ECF No. 16, but she subsequently withdrew that concession, *see* Pl.'s Am. Resp. at 27.[3] In light of Ms. Khan's acknowledgment of the jurisdictional posture of her claims, she requests that this court transfer the case to the United States District Court for the Southern District of New York. *Id.* at 26. Such a transfer would be appropriate under 28 U.S.C. § 1631 if specified requirements are satisfied, namely that (1) the transferor court lacks subject matter jurisdiction; (2) at time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice. *See Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989); *see also Gray v. United States*, 69 Fed. Cl. 95, 100 (2005); *Skillo v. United States*, 68 Fed. Cl. 734, 744 (2005).

As previously discussed, Ms. Khan's claims satisfy the first element. And, federal district courts can hear claims brought under the Civil Rights Acts and RICO, thus fulfilling the second element. *See Ingram v. Madison Square Garden Ctr., Inc.*, 482 F. Supp. 414, 422 (S.D.N.Y. 1979) (Civil Rights Acts); *4 K & D Corp. v. Concierge Auctions, LLC*, 2 F. Supp. 3d 525, 535 (S.D.N.Y. 2014) (RICO). Even so, Ms. Khan's claims fail to satisfy the third element. To satisy this last element, a plaintiff's claims should be sufficient to state a plausible claim. *See Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987). Because Ms. Khan does not support her claims for monetary relief with plausible evidence, the interests of justice will not be furthered by transferring Ms. Khan's claims to the United States District Court for the Southern District of New York. *See generally* Compl. Consequently, the court finds that Ms. Khan has not satisfied the prerequisites for transfer.

---

[3]She withdrew that initial concession regarding jurisdiction over RICO claims based on the decision by the Federal Circuit in *Jones v. United States*, 655 Fed. Appx. 839 (Fed. Cir. 2016). *See* Pl.'s Am. Resp. at 28. Nonetheless, this change in position and citation to *Jones* is unavailing given the provisions of 18 U.S.C. § 1964(c), which specify that *district* courts shall have jurisdiction over civil suits by persons injured by violations of RICO.

## CONCLUSION

For the reasons stated, the government's motion to dismiss plaintiff's complaint is GRANTED.[4]  The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[4]Ms. Khan previously filed, with leave of court, a Motion for Temporary and Permanent Injunction, ECF No. 7, and a Revised Motion for Temporary and Permanent Injunction, ECF No. 8, on May 3 and May 15, 2018, respectively.  The government sought and was granted leave to respond to both motions and Ms. Khan's complaint in a single filing.  *See* Order of June 4, 2018, ECF No. 11.  Because the court grants the United States' motion to dismiss, Ms. Khan's motions seeking injunctive relief are DENIED as moot.